IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEAN WELSH | § § § | |
| | § | CIVIL ACTION NO. _____ |
| | § | |
| V. | § § | |
| HERITAGE MANAGEMENT GROUP, INC. and STEPHEN HUISENFELDT   *Defendant* | § § § § | |

## JOINT NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS:**

COME NOW, HERITAGE MANAGEMENT GROUP, INC. and STEPHEN HUISENFELDT, Defendants in the above entitled and numbered cause, who hereby petition this Court pursuant to 28 U.S.C. §§ 1332, 1441 (b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Northern District of Texas, of the action styled and numbered *Sean Welsh v. Heritage Management Group, Inc. and Stephen Huisenfeldt*, Cause No. DC-15-01703, In the 16nd District Court, Dallas County, Texas (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

1

## I.

## REMOVAL IS TIMELY

1.      Defendants raised to Plaintiff concerns that service upon Defendants was defective. Pursuant to a letter agreement between the parties. The parties stipulated that service was effectuated on both Defendants as of June 9, 2015. A copy of this agreement is attached hereto as an Exhibit. Therefore, this Notice of Removal is filed within thirty (30) days of service of the petition on the Defendants and is timely filed under 28 U.S.C. § 1446(b).

## II.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

2.      The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. Plaintiff in this action is a citizen of a different state from the Defendants. Therefore, complete diversity exists and Defendant may remove.

3.      Plaintiff is, according to his Petition and to the best of the Defendant's knowledge, is currently and were at the time this action was commenced a citizen of the State of Texas.

4.      Defendant Stephen Huisenfeldt ("Huisenfeldt") is an individual who resides in the State of New Mexico and is therefore a citizen of that state.

5.      Defendant Heritage Management Group, Inc. ("Heritage") is an corporation organized under the laws of the State of Florida and has its principal place of business in Florida. Therefore, Heritage is a citizen of the State of Florida.

## III.

## AMOUNT IN CONTROVERSY

6.    Plaintiff's Petition seeks monetary relief "in excess of $1,000,000."

7.    A case may be removed unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Marcel v. Pool Co.*, 5 F.3d 81 (5th Cir. 1993) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 282 (1938)); *Williams v. State Farm Mutual Automobile Ins. Co.*, 931 F. Supp. 469 (S.D. Tex. 1995); *Johnson v. Dillard Dept. Stores, Inc.*, 836 F. Supp. 390 (N.D. Tex. 1993).  In assessing whether removal is proper, the Court must first determine whether it is facially apparent that the amount in controversy exceeds $75,000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995); *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593 (E.D. Tex. 1996).  The amount in controversy may be determined by the allegation of the petition, or where they are not dispositive, the allegations in the notice for removal. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  The notice of removal must assert the underlying facts supporting the assertion that the amount in controversy exceeds the jurisdictional amount. *Laughlin*, 50 F.3d at 873; *Martin* 251 F.3d at 1289.

8.    A review of the Plaintiff's Petition in the instant case and this Notice of Removal clearly shows that the damages alleged and sought by Plaintiff in this case exceeds $75,000.00. The Plaintiff seeks monetary relief in "excess of $1,000,000."  Such allegations makes it facially apparent that this the Plaintiff's claim exceeds the scope of the amount in controversy requirement.

3

9. It is facially apparent from Plaintiff's Petition and the facts set forth in this Notice of Removal that the Defendants are subject to possible exposure well beyond the federal jurisdictional minimum and that the amount in controversy clearly exceeds the jurisdictional minimum to remove this matter to federal court.

## IV.

## PROCEDURAL REQUIREMENTS

10. Removal of this action is proper under 28 U.S.C. § 1441, since this is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because Plaintiff and Defendant are diverse in citizenship.

11. By virtue of filing this Notice of Removal, the Removing Defendants do not waive their right to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure.

12. All of the papers on file in the State Court case at the time of removal are attached hereto as an Exhibit to this filing. Those papers include copies of the case summary/docket, Plaintiff's Petition, summons to Defendants, and Defendants' Answer.

13. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk of the District Court of Dallas County, State of Texas promptly after the filing of this Notice.

Respectfully submitted,

**MEYER FRIEDMAN REED, PLLC**

By: */s/ Adam B. Reed*
**ADAM B. REED**
Texas State Bar No. 24002811

4131 N. Central Expressway, Suite 110
Dallas, Texas 75204
(214) 880-0800
(214) 443-0809 (fax)
areed@mfrlaw.net

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 9th day of July, 2015, a true and correct copy of the foregoing document was forwarded via certified mail to the following counsel:

John Arthur Daspit, Esq.
952 Echo Lane, Suite 409
Houston, Texas  77024

Michael E. Pierce, Esq.
Pierce Chapman Skrabanek Bruera, PC
3701 Kirby Lane, Suite 760
Houston, Texas 77098

*Attorneys for the Plaintiff*

*/s/ Adam B. Reed*
**ADAM B. REED**